KNOLL, Judge,
dissenting.
For the following reasons, I respectfully dissent. I do not find that the trial court improperly ruled in favor of the Vernon Parish Police Jury. Under LSA-La. Const. Art. 5, Section 27, the Sheriff is the chief law enforcement officer in the parish. In addition, LSA-R.S. 33:1435 provides that the Sheriff “shall preserve the peace and apprehend public offenders.” Integral to the Sheriffs peacekeeping duties and his charge to apprehend criminal defendants, the Sheriff is also the custodian of criminal evidence. The determination to have criminal evidence forensically tested accurately is an awesome responsibility that should be made, in my view, by the Sheriff as part of his constitutional mandate as chief law enforcement officer of the parish. Thus it is clear that there is an integral relationship between the Sheriff and the various crimi-nalistics laboratories which exist throughout the state.
I find that the majority opinion infringes on the Sheriff’s constitutional mandate to enforce the criminal laws in the parish by denying him through the local governing authority the right to choose the criminalis-tics laboratory which best services his office. Pursuant to LSA-R.S. 40:2266.2[1] I find that the parish governing authority has the right to choose the criminalistics laboratory which it feels best aids the parochial sheriff in carrying out his constitutional and statutory duties. In this case, the local governing authority, pursuant to LSA-R.S. 40:2266.2, opted to join the North Louisiana Criminalistics Laboratory. As stated by the trial court in its well written reasons for judgment:
*1233 “An examination of the statutes dealing with the creation and financing of crimi-nalistics laboratory commissions, authorizing local governing authorities to exercise discretion concerning participation or non-participation in a particular commission and extending to the Southwest Louisiana Criminalistics Laboratory the benefits of such legislation evidence an intention on the part of the Legislature not to preempt or control the operation of such laboratories, but to adopt enabling legislation to facilitate local governing authorities in the creation and operation of them.”
I find that the trial court’s common sense appreciation of the statutes at issue furthers the Sheriff's constitutional mandate.
I further demonstrate this rationale by attaching to this dissent a map of Louisiana with the parishes outlined, named and marked to show where the criminalistics laboratories are located, if any. As you can see, not every parish belongs to a particular criminalistics laboratory, which lends credence to the conclusion that the Sheriff should be responsible for sending criminal evidence to the crime lab of his choice.
Finally, I respectfully disagree with the holding of the majority that once a parish becomes a member of a particular criminal-istics laboratory commission, it no longer has the option to withdraw. Although the parish of Vernon formally participated as a member of the Southwest Louisiana Crimi-nalistics Laboratory, there is nothing in the statute (R.S. 40:2266.3) mandating that Vernon Parish’s prior election to so participate is permanent and cannot be revoked.
*1234 ATTACHMENT
[[Image here]]

. "Upon the adoption of a resolution or ordinance by the governing authority of any parish which is contiguous to a parish in which a criminalistics laboratory commission is established and operating, such contiguous parish may elect to come under the provisions of and obtain the benefit of all laws governing said criminalistics laboratory commission now or hereafter authorized. For any parish which is not contiguous to a parish in which a criminal-istics laboratory commission is established and operating, the acceptance and concurrence of said commission shall also be required. When any such parish governing authority does so elect, and when its election is thereafter accepted by a criminalistics laboratory commission, if acceptance is required, then it shall become a member of said commission to the same extent as if it had been one of the original parishes included in the original legislative act creating said criminalistics laboratory commission and all provisions hereof relative to district courts, city courts, sheriffs and collection of additional court costs funds shall become applicable throughout such parish so electing."